Duckworth *vs.* Duckworth.

---

RANDALL DUCKWORTH, plaintiff in error, *vs.* JOSEPH DUCKWORTH, defendant in error.

Where on the trial of a possessory warrant the property was awarded by the magistrate to the plaintiff, on his giving the bond required by law, and some time after the judgment the magistrate made a written order, reciting that the plaintiff had failed to give the bond, and that the defendant having given bond, the property be restored to him, which was accordingly done:

*Held*, That it was not competent for the magistrate, on his being informed that the failure of the plaintiff to give the bond was from want of opportunity, to direct the sheriff to re-take the property, receive the plaintiff's bond, and turn the property over to him—especially as this direction was by parol and without notice to defendant.

Possessory Warrant. Amendment. Before Judge CLARK. Sumter Superior Court. March Term, 1871.

On the 7th of November, 1868, Joseph Duckworth sued out a possessory warrant before one Brown, Justice of the Peace, against Randall Duckworth, to get possession of a certain horse. The trial was had before one Fort, and he, on the 9th of December, 1868, ordered the horse to be deliv-

Duckworth *vs.* Duckworth.

ered to Joseph upon his giving bond and security according to law. On the 22d of December, 1868, Fort issued an order that Randall keep the horse, upon giving bond and security, because, as he recited, Joseph had failed to give bond. After this order was written, it was shewn to Fort that the sheriff had not given Joseph an opportunity to give the bond, and that on the 23d of December, 1868, he did make and tender the bond. Thereupon, Fort instructed the sheriff to deliver the horse to Joseph, and he took it from Randall and gave it to Joseph. On the 29th of December, Randall went before one Guerry, Notary Public and *ex officio* Justice of the Peace, and sued out a possessory warrant for said horse against Joseph.

When the trial of *this* case came on, in January, 1869, all the foregoing papers and facts were in evidence, and it appeared that Randall's attorney had objected to said Joseph's said bond, because the security was not good, and demanded that they should justify, and they did not. Guerry ordered that the horse remain in Joseph's possession.

Randall's attorney sued out a *certiorari* to correct said action of Guerry. Judge Clark, after hearing argument, ordered the *certiorari* to be dismissed. Before the judgment was written, Randall's attorney moved to amend the petition by averring that it was proven, on the trial, that Joseph did have opportunity to give the bond, was repeatedly called on to do so, and did not because he could not, and that Guerry be required to answer the petition so amended. The Court refused to allow this amendment, and ordered that Joseph keep the horse, upon making his bond good, and if he did not so make it, then Randall should have the horse. This is assigned as error.

HAWKINS & GUERRY, for plaintiff in error.

J. A. ANSLEY; W. A. HAWKINS, for defendant.

Turner *vs.* Barfield.

McCay, Judge.

The judgment of the magistrate, that the party successful in the trial of the first warrant had failed to give the security, and that the property should be turned over to the other party, he having given the security, was conclusive, until set aside by notice and a hearing.   It would be very dangerous to permit an order of this character to be revoked by the magistrate, by parol, without a hearing from the other side. Until the property is finally disposed of, the Court is open, and may pass any order necessary to the final disposal of the property, and until final action is taken, it may, perhaps, revoke its orders, if improperly granted, but this cannot be done by parol, and without a hearing.   The only course to pursue in a case like this was to apply to the magistrate before the horse was finally disposed of, and if the mistake existed, ask the magistrate to correct it.   Whilst his judgment stands, it is conclusive, and the second warrant was improper.

The rule that the judgment of a Court between the parties cannot be collaterally attacked, is of great public importance, and, though it may work a hardship in this case, it must be enforced.

Judgment affirmed.